IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-106-RLJ-DCP |
| BRIAN WAMPLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Motion by Defendant Brian Wampler to Continue Trial Date and All Related Deadlines [Doc. 32], filed on January 3, 2022. Defendant asks the Court to continue the January 25, 2022 trial date and other pretrial deadlines, because counsel needs additional time to review discovery and discuss potential defenses with Defendant, engage in plea negotiations, and to advise Defendant on the best resolution of the case. The motion relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 28, 2022.

The Court finds Defendant Wampler's motion to continue the trial is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to review the discovery with Defendant Wampler and to discuss potential defenses. The motion notes that Defendant is detained in Laurel County, Kentucky, which makes in-person meetings more difficult. Defense counsel also needs time to engage in plea negotiations with the Government and

to discuss any plea offers with Defendant. If negotiations are not fruitful, defense counsel will need time to prepare the case for trial. These trial preparations cannot be concluded by the January 25 trial date or in less than six months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Wampler's Motion to Continue Trial [**Doc. 32**] is **GRANTED**. The trial of this case is reset to **June 28, 2022**. The Court finds that all the time between the filing of the motion on January 3, 2022, and the new trial date of June 28, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Motion by Defendant Brian Wampler to Continue Trial Date and All Related Deadlines [**Doc. 32**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 28, 2022**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **January 3, 2022**, and the new trial date of **June 28, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is **February 4, 2022**. Responses to motions are due on or before **February 18, 2022**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 27, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **June 7, 2022, at 11:30 a.m.**;

(7) The deadline for filing motions *in limine* is **June 13, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 17, 2022**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge